UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN C. JAMES,                                              Civil No. 06-357 (MJD/JSM)

    Petitioner,

v.                                                                         **REPORT AND RECOMMENDATION**

R.L. MORRISON, Warden,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) and Motion to Consolidate (Docket No. 2) his case with the matter of Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006).  The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

**I.     BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota.  He is serving a 18-month federal prison sentence that was imposed on November 7, 2005, following his conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344, and for money laundering in violation of 18 U.S.C. § 1956.  If Petitioner earns all available good time credits, he will be released from prison on February 24, 2007.  However, he will be

eligible for a transfer to a Residential Reentry Center ("RRC")[1] at some time prior to this release date. Petitioner and Respondent disagreed about when Petitioner will be eligible for such a transfer.

Respondent initially contended that Petitioner is not eligible for a RRC assignment until he has only ten percent of his prison term left to serve, which, according to the BOP's calculations, will not occur until January 9, 2007. See Gov't Response at 3. Petitioner has not indicated exactly when he thinks he should be transferred to a RRC, but he objects to the BOP's refusal to even consider an earlier transfer date. According to Petitioner, the BOP is obligated to review his particular needs and circumstances, and make an individualized determination of whether he should be released to a RRC for a period of up to six months, so as to assure that he "is given ample opportunity re-adjust to society in a truly meaningful way." Petition, ¶¶ 15, 16. Petitioner contends that the BOP should not be allowed to rely on 28 C.F.R. §§ 570.20 and .21 to categorically deny RRC placement to all prisoners who have not reached the final ten percent of their sentences because these regulations contravene the statutory directives of 18 U.S.C. §§ 3621(b) and 3624(c). Thus, Petitioner's habeas corpus petition challenges the process by which the BOP determined his RRC eligibility date.

On July 24, 2006, Respondent filed a supplemental response stating that it has changed its policy regarding RRC placement, and that it has reconsidered the Petitioner's RRC placement. In particular, the Respondent has represented that in light of the Eighth Circuit's decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the BOP had changed its position and would follow the BOP guidelines that existed before 2002. See Gov't Supplemental Response at 1. Respondent stated that RRC placement recommendations are

---

[1] Until recently, RRCs were known as Community Corrections Centers ("CCCs") and

2

no longer limited to the last six months or ten percent of the sentence being served, which ever is less, and that the referrals are now based on a number of individualized factors consistent with 18 U.S.C. § 3621(b). Id., n.1.

## II.     DISCUSSION

At issue in this case, is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A.   concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B.   recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and .21, which categorically limited an inmate's eligibility for pre-release to community confinement during the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and 570.21 invalid and in

---

commonly referred to as halfway houses.

conflict with 28 U.S.C. § 3621(b).  Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).  The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement, but in order to comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

In light of the Fults decision, the BOP acknowledged that it has changed its position in the Eighth Circuit.  See Govt.'s Supplemental Resp. at 1.  In this regard, the Government asserted that the BOP would adhere to the BOP's pre-2002 guidelines, as set forth in Program Statement 7310.04, *Community Corrections Center (RRC) Utilization and Transfer Procedures*, December 16, 1998.  Id., n.1.  According to the Respondent, Program Statement 7310.04 allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, which ever is less.  Id. (citing Program Statement 7310.04 at 7-8).  In addition, Program Statement 7310.04 bases the RRC determination on a number of individualized factors consistent with 18 U.S.C. § 3621(b).  Id.

As a result of the changes made to BOP's policy, the Government has stated that it does not oppose the instant Petition to the extent that it seeks BOP reconsideration of the date on which the Petitioner should be assigned to an RRC based on a number of individualized factors consistent with the policy change.  Due to the reconsideration of his RRC time by he BOP, Petitioner is now eligible for 45-90 days in a RFC.  See Govt.'s Supplemental Resp. at 1-2.  Petitioner has received the relief he is seeking, and his Petition is moot.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Motion to Consolidate[2] [Docket No. 3] be **DENIED** as moot.

Dated:  July 26, 2006

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 14, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] This Court notes that with regards to Petitioner's Motion to Consolidate his case with Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006) there is no case with which the instant case can be consolidated in light of the fact that Judge Davis granted Ragsdale's petition for a writ of habeas corpus on January 6, 2006.